IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC LEAVELL RANDALL (BOP Register No. 36281-177), | § § § § | |
| Movant, | § § | |
| V. | § § | No. 3:18-cv-2099-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Cedric Leavell Randall, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 2 & 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

On August 15, 2018, the Court ordered Randall to show cause in writing why his motion should not be summarily dismissed as time-barred. *See* Dkt. No. 4. Randall responded by arguing (1) that, because he is serving an illegal sentence, the Court exceeded its jurisdiction, and therefore the limitations statute does not apply and (2) that the Court should not raise the limitations issue *sua sponte*. *See* Dkt. No. 7.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion with prejudice as time-barred.

## Applicable Background

Randall pleaded guilty to unlawful possession of a firearm and firearm ammunition by a felon, possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Randall*, 3:07-cr-172-B (1) (N.D. Tex.), Dkt. No. 66. He was sentenced to 360 months in prison on May 16, 2008. *See id.*, Dkt. No. 74. And he did not appeal.

More than a decade later, on August 7, 2018, Randall filed this Section 2255 motion, *see* Dkt. No. 2 at 14 (averring that he placed his motion in the prison mailing system for filing on that date), raising, as the sole ground for relief, that the Court entered an illegal sentence based on errors in the presentencing report, *see id.* at 3; Dkt. No. 3 at 1-9.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff

-3-

from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

**Analysis**

Randall's criminal judgment became final on June 2, 2008 – when his time to file

a direct appeal expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a defendant does not file a direct appeal, his conviction becomes final upon the expiration of the time to do so); *see also* FED. R. APP. P. 4(b)(1)(A) (providing 10 days, excluding Federal holidays and weekends, to file a notice of appeal in a criminal case; amended to 14 days in 2009). And his AEDPA statute of limitations expired one year later, on June 2, 2009. His Section 2255 motion – filed in August 2018 – is therefore time-barred under Section 2255(f)(1).

And Randall makes no creditable argument that this expired period should be revived under another provision of Section 2255 or for equitable reasons.

The undersigned specifically rejects his argument that the Court cannot raise the limitations issue *sua sponte*. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that, "[i]f it plainly appears from the [Section 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*; *see generally, e.g, Estrada-Herrera v. United States*, No. 3:16-cv-1299-L-BN, 2016 WL 4098533 (N.D. Tex. May 13, 2016) (applying the Rule 4(b) summary treatment to a time-barred motion), *rec. accepted*, 2016 WL 4039185 (N.D. Tex. July 28, 2016).

"'[B]efore acting on its own initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006);

alteration to original)); *see also Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions). The August 15, 2018 show cause order [Dkt. No. 4] provided this notice. And Randall has presented his positions. *See* Dkt. No. 7.

## Recommendation

The Court should dismiss the Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE